In the Matter of the Construction of the Will of PANSY V. LAING, Deceased. LAURA A. CHEATHAM et al., Appellants; JOHN H. COWIE, as Executor of PANSY V. LAING, Deceased, et al., Respondents.— In a proceeding to construe the provisions of decedent's will and to determine the validity of an election by her husband, pursuant to section 18 of the Decedent Estate Law, the above-named infant beneficiaries, by their special guardian, appeal from so much of a decree of the Surrogate's Court, Westchester County, dated September 30, 1960, as: (1) construes paragraph "a" of article "Second" of the will to give to Doris A. Cheatham an absolute gift of $125,000 and not merely a life interest in $100,000 of that sum; and (2) construes paragraph "c" of said article "Second" to give to decedent's husband an absolute gift of the furniture and house furnishings therein mentioned. Decree, insofar as appealed from, affirmed, with costs to all parties filing briefs, payable out of the estate. No opinion. Beldock, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.

GORDON L. JACKSON et al., Respondents, v. ALLEN ANTONIAC, Appellant.— In a negligence action to recover damages for injuries to person and property, sustained as a result of a collision between the automobile owned and operated by the plaintiff husband, in which his wife and infant son were passengers, and the automobile operated by defendant, the defendant appeals from an order of the Supreme Court, Suffolk County, dated January 24, 1961, granting conditionally plaintiffs' motion to vacate a preclusion order, dated June 12, 1957, and to permit them to serve their bill of particulars. Order reversed, with $10 costs and disbursements, and motion denied. The accident occurred in March, 1954, and the action was commenced in May, 1954. The complaint was served in July, 1955, only after defendant had moved to dismiss the action. The answer and a demand for a bill of particulars were served in August, 1955. The action was placed on the calendar for trial for the October 1956 Term. A preclusion order granting plaintiffs 30 days within which to serve a bill of particulars became effective in July, 1957. Although no bill was served, plaintiffs served a statement of readiness in September, 1957. It is claimed by defendant and denied by plaintiffs that when the case appeared on the Pretrial Calendar in September, 1959, plaintiffs tendered and defendant refused to accept a bill of particulars. The case thereafter appeared on the calendar numerous times, and was finally placed on the November 1960 Reserve Calendar. On the eve of trial plaintiffs moved to be relieved from the preclusion order. The excuse offered for the long delay of three and a half years after the preclusion order and more than six years after the accident, is that plaintiffs' original treating doctor refused to furnish the record of the injuries, which was now furnished by a second treating physician. In our opinion, the excuse offered was insufficient and unreasonable. Under the circumstances, the granting of the order was an improvident exercise of discretion (*Renzo* v. *Kelton*, 10 A D 2d 859; *Gonsa* v. *Licitra*, 6 A D 2d 755; *Nappi* v. *Bush Terminal Bldg. Co.*, 2 A D 2d 861). Nolan, P. J., Beldock, Ughetta, Pette and Brennan, JJ., concur.